UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------x

NYP Holdings, Inc.,

    Plaintiff,

 - against -

NEW YORK POST PUBLISHING INC.,
STEVEN JUDE HOFFENBERG, and JOHN
DOES 1-10,,

    Defendants.

------------------------------------------------------------x

14 Civ. 8310 (vm)

**ORDER TO SHOW CAUSE FOR
PRELIMINARY INJUNCTION
AND EXPEDITED PROCEEDINGS**

Upon the Summons and Complaint herein; the annexed Declaration of Eugenie C. Gavenchak, sworn to October 15, 2014; the annexed Declaration of Laura R. Handman, sworn to October 15 2014; and the accompanying Memorandum of Law; and all pleadings and proceedings heretofore had herein; it is hereby:

ORDERED that defendants New York Post Publishing Inc. and Steven J. Hoffenberg (collectively, "Defendants"), show cause at this Court at a hearing in Courtroom 11B, United States Courthouse at 500 Pearl Street or 40 Centre Street, in the City, County, and State of New York, on October 31, 2014, at 9 o'clock in the morning therefor, why an order should not be issued, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants, their officers, directors, agents, servants employees, licensees and assigns, and all persons, forms or corporations acting under their direction or pursuant to their control, or in active concert or participation with them, during the pendency of this Action, from:

  (1) using any trademark or trade dress that is likely to be confusingly similar to, or dilutive of, any plaintiffs' trademarks or service marks or trade dress, in a way that is likely to have an impact on interstate commerce;

(2) inducing, encouraging, causing, facilitating, materially contributing to, or receiving a direct financial benefit from, the use, reproduction, posting, and display of any trademark or trade dress that is likely to be confusingly similar to, or dilutive of, any of plaintiffs' trademarks or service marks or trade dress, in a way that is likely to have an impact on interstate commerce, by others in the United States;

(3) registering, applying to register, or maintaining a registration for the "NEWYORKPOSTPUBLISHINGINC" domain name, or any domain name relating to, containing, or suggesting plaintiffs' trademarks or service marks;

(4) using the "NEWYORKPOSTPUBLISHINGINC" domain name, or any domain name relating to, containing, or suggesting plaintiffs' trademarks or service marks;

(5) Representing, by any means whatsoever, that any services offered, advertised, promoted, marketed, or sold by defendants are offered by or affiliated with *The New York Post*; or

(6) Doing any other act or thing calculated or likely to cause confusion or mistake in the minds of the public or prospective consumers of *The New York Post*'s goods or services as to the source of defendants' goods or services;

(7) Otherwise unfairly competing with NYP Holdings, Inc.

ORDERED that Plaintiff shall serve a copy of this Order to Show Cause and supporting papers, along with the Summons and Complaint (if not already served), upon Defendants no later than 5:00 PM on October 17, 2014, which shall constitute due and sufficient service and notice thereof; and it is further

ORDERED that Defendants' responsive papers to this Order to Show Cause shall be filed by 5:00 PM on October 24, 2014, and that Plaintiff's reply papers shall be filed by 5:00 PM on October 29, 2014.

ORDERED that security in the amount of $ _____ will be posted by Plaintiff.

Dated: New York, New York
October 16, 2014

_____
Victor Marrero
U.S.D.J ~~(Part I)~~