USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------- x

NYP Holdings, Inc.,

                Plaintiff,

    - against -

NEW YORK POST PUBLISHING INC.,
STEVEN JUDE HOFFENBERG, and JANE
DOES 1-10,

                Defendants.

------------------------------------------------------- x

14 Civ. 8310 (VM)

## STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, on or about October 16, 2014, Plaintiff NYP Holdings, Inc. ("NYP Holdings") commenced an action in the United States District Court for the Southern District of New York, captioned *NYP Holdings, Inc. v. New York Post Publishing Inc.*, Case No. 14 Civ. 8310 (VM) (the "Action"), in which NYP Holdings brought claims against Defendant New York Post Publishing Inc. (the "Corporation") and Defendant Steven Jude Hoffenberg ("Hoffenberg") (Corporation and Hoffenberg being collectively "Defendants") (NYP Holdings, Corporation, and Hoffenberg being collectively the "Parties") for trademark infringement, trademark dilution, unfair competition, and cyberpiracy, based on the Corporation and Hoffenberg's use of marks that NYP Holdings alleged were confusingly similar to NYP Holdings' NEW YORK POST trademarks in conjunction with news websites, including at www.newyorkpostpublishinginc.com, and proposed use of marks NYP Holdings alleged were confusingly similar to NYP Holdings' NEW YORK POST trademarks in conjunction with print newspapers; and

WHEREAS, NYP Holdings filed an Order to Show Cause seeking a preliminary injunction on October 16, 2014; and

WHEREAS, on October 31, 2014, the United States District Court for the Southern District of New York, the Honorable Victor Marrero presiding (the "Court"), granted NYP Holdings' request for a preliminary injunction against the Corporation and Hoffenberg, individually, jointly, and/or through any entity or person controlled by, affiliated with, and/or acting in concert with either or both of them, from using the "New York Post Publishing Inc." name, or any trademark, service mark, or trade dress that is confusingly similar to any of the NEW YORK POST Marks, on or in connection with goods or service in commerce in a manner that is likely to cause confusion in the minds of the public, including but not limited to operating the website at www.newyorkpostpublishing.com; and

WHEREAS, the Court issued an Order dated November 6, 2014, which more fully set forth the scope of the preliminary injunction; and

WHEREAS, the Court issued a Decision and Order dated November 17, 2014, which set forth the Court's reasoning for issuing the preliminary injunction and reaffirmed the November 6, 2014 Order in all respects; and

WHEREAS, the Parties have reached agreement for resolution of the Action, the full terms and conditions of which are set forth in the document entitled "Settlement Agreement and Release of Claims," dated as of December 10, 2014 (the "Settlement Agreement"); an

WHEREAS, the Parties' Settlement Agreement is conditioned upon entry by the Court of a stipulated consent judgment and permanent injunction and the continuing jurisdiction of this Court on the terms and condition set forth herein;

NOW THEREFORE, the Parties stipulate and agree that this Court has jurisdiction to enter a stipulated consent judgment and permanent injunction on the following terms and conditions and that the Court shall have continuing jurisdiction for purposes of enforcing this consent judgment and permanent injunction and Parties' Settlement Agreement, and request that the Court enter the attached [Proposed] Consent Judgment and Permanent Injunction pursuant to stipulation ("Stipulated Consent Judgment and Permanent Injunction").

IT IS SO STIPULATED.

Respectfully submitted by:

By: *[signature]*

Laura R. Handman
Samuel M. Bayard
Camille Calman
DAVIS WRIGHT TREMAINE LLP
1633 Broadway – 27th Floor
New York, New York 10019
Tel.: (212) 489-8230
Fax: (212) 489-8340

*Attorneys for Plaintiff NYP Holdings, Inc.*

December 11, 2014

By: *[signature]*

Todd A. Zuckerbrod, Esq.
40 S.E. 5th Street, Suite 400
Boca Raton, Florida 33432
(561) 544-8144
tz@tzbrokerlaw.com
*Attorneys for Defendant New York Post Publishing, Inc.*

December 10, 2014


By: _____
Steven Jude Hoffenberg

*Pro Se Defendant*

December ___, 2014

3

Below:

NOW THEREFORE, the Parties stipulate and agree that this Court has jurisdiction to enter a stipulated consent judgment and permanent injunction on the following terms and conditions and that the Court shall have continuing jurisdiction for purposes of enforcing this consent judgment and permanent injunction and Parties' Settlement Agreement, and request that the Court enter the attached [Proposed] Consent Judgment and Permanent Injunction pursuant to stipulation ("Stipulated Consent Judgment and Permanent Injunction").

IT IS SO STIPULATED.

Respectfully submitted by:

By: _____

Laura R. Handman
Samuel M. Bayard
Camille Calman
DAVIS WRIGHT TREMAINE LLP
1633 Broadway – 27th Floor
New York, New York 10019
Tel.: (212) 489-8230
Fax: (212) 489-8340

*Attorneys for Plaintiff NYP Holdings, Inc.*

December __, 2014

By: _____

Todd A. Zuckerbrod, Esq.
40 S.E. 5th Street, Suite 400
Boca Raton, Florida 33432
(561) 544-8144
tz@tzbrokerlaw.com
*Attorneys for Defendant New York Post Publishing, Inc.*

December __, 2014

By: _____/s/ Steven Jude Hoffenberg_____
Steven Jude Hoffenberg

*Pro Se Defendant*

December 15, 2014

3

Pursuant to the Settlement Agreement reached between Plaintiff and Defendants, the foregoing stipulation of the Parties, and for good cause shown, the Court hereby enters the following Stipulated Consent Judgment and Permanent Injunction.

### STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

A.   Defendants individually, jointly, and/or through any entity or person controlled by, affiliated with, and/or acting in concert with either or both of them, are hereby permanently enjoined from:

1. Using the "New York Post Publishing Inc." name, or any trademark, service mark, or trade dress that is confusingly similar to any of the NEW YORK POST Marks, on or in connection with goods or service in commerce in a manner that is likely to cause confusion in the minds of the public;

2. Operating a website with the domain name newyorkpostpublishinginc.com, or any other website with a domain name that uses, incorporates, or is confusingly similar to any of the NEW YORK POST Marks;

3. Registering or applying to register any additional domain names that use, incorporate, or are confusingly similar to any of the NEW YORK POST Marks.

4. Representing, by any means whatsoever, that Defendants are affiliated with the *New York Post*, or that any goods or services offered, advertised, promoted, marketed, sold, or given away by Defendants are offered by, sponsored by, or affiliated with the *New York Post*; or

5. Doing any other act or thing calculated to or likely to cause confusion or mistake in the minds of the public as to Defendants' affiliation with the *New York* Post or as to

4

the source, sponsorship, or affiliation of Defendants' goods or services with the *New York Post*.

B.   Without limiting the foregoing, the prohibited acts set forth in Paragraph A include, but are not limited to, the Defendants individually, jointly, and/or through any entity or person controlled by and/or affiliated with either or both of them, doing any of the following:

1. Operating the website currently found at http://www.newyorkpostpublishinginc.com;

2. Publishing a news website under the name "New York Post Publishing Inc." or any other name that uses, incorporates, or is confusingly similar to any of the NEW YORK POST Marks;

3. Publishing a print publication under the name "New York Post Publishing Inc." or any other name that uses, incorporates, or is confusingly similar to any of the NEW YORK POST Marks;

4. Providing news-related goods or services of any other kind under the under the name "New York Post Publishing Inc." or any other name that uses, incorporates, or is confusingly similar to any of the NEW YORK POST Marks;

5. Using the term "History of the New York Post" on or in connection with any goods or services in a manner that is likely to cause confusion in the minds of the public;

6. Using the term "Future of the New York Post" on or in connection with any goods or services in a manner that is likely to cause confusion in the minds of the public;

7. Using any photo or representation of a *New York Post* cover—regardless of whether its authentic, actual, manipulated, or fictitious—on or in connection with any goods or services in a manner that is likely to cause confusion in the minds of the public;

8. Representing, stating, or implying that "Steven Hoffenberg, CEO New York Post Publishing Inc." is the source or origin of any goods or services in a manner that is likely to cause confusion in the minds of the public;

9. Representing, stating, or implying that Defendant Steven Hoffenberg is "once again" the publisher of the *New York Post* or "New York Post Publishing Inc." on or in connection with any goods or services in a manner that is likely to cause confusion in the minds of the public;

10. Using "Copyright © 2014 New York Post Publishing Inc." on or in connection with any goods or services in a manner that is likely to cause confusion in the minds of the public;

C. To effect the requested relief, third parties providing services used in connection with Defendants' operations, including without limitation, domain name registry VeriSign, Inc., the individual registrars holding or listing the domain name used by the Defendants, including but not limited to Just Host and/or FastDomain Inc., shall, within three (3) days of receipt of this Order, refrain from aiding and abetting, and/or participating in, Defendants' unlawful activities in connection with any of the acts set forth in Paragraphs A and B above.

D. Violation of this Stipulated Consent Judgment and Permanent Injunction shall expose Defendant and all other persons bound by this Stipulated Consent Judgment and Permanent Injunction to all applicable penalties, including contempt of Court.

E. All claims and defenses in this action are hereby resolved by this Stipulated Consent Judgment and Permanent Injunction.

F.   This Court shall retain continuing jurisdiction over the Parties and the action for purposes of enforcing this Stipulated Consent Judgment and Permanent Injunction and/or enforcing the Parties' Settlement Agreement.

G.   All parties are to bear their own costs.

**SO ORDERED**

This 16th day of December 2014.

_____
Honorable Victor Marrero
United States District Judge

---

**SO ORDERED.** The Clerk of Court is directed to terminate any pending motions in this action and to close this case.

**SO ORDERED.**

12-16-14
Date                          Victor Marrero, U.S.D.J.

7

 **Davis Wright Tremaine** LLP

27th Floor
1633 Broadway
New York, NY 10019-6708

**Samuel Bayard**
212.603.6489 tel
212.379.5239 fax

samuelbayard@dwt.com



December 12, 2014

**By Hand**

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

### Re: <u>NYP Holdings, Inc. v. New York Post Publishing Inc., 14 Civ. 8310 (VM)</u>

Dear Judge Marrero:

I write on behalf of the parties jointly to inform the Court that the parties have settled the above-captioned matter, and to submit for your review and approval the enclosed proposed stipulated consent judgment and permanent injunction (the "Proposed Consent Judgment"). The Proposed Consent Judgment tracks the provision of the Court's preliminary injunction set forth in the Order dated November 6, 2014 and confirmed in the Order dated November 17, 2014.

Concurrently with the delivery of this letter, we are sending a copy of Proposed Consent Judgment to the Orders and Judgments Clerk under Rule 18.3 of the ECF Rules for the Southern District of New York. Thank you for your attention to this matter.

Respectfully submitted,

Samuel M. Bayard

SMB/lp

cc: Steven Hoffenberg
    Todd Zuckerbrod
    Laura Handman
    Camille Calman

DWT 25526727v1 3930033-000043

Anchorage | New York | Seattle
Bellevue | Portland | Shanghai
Los Angeles | San Francisco | Washington, D.C.

www.dwt.com